Cory G. Lee, Esq. (SBN 216921)
**The Downey Law Firm** (*Of Counsel*)
9595 Wilshire Blvd. Suite 900
Beverly Hills, CA 90212
downeyjusticelee@gmail.com
Phone: 610/324-2848
Fax: 610/813-4579
downeyjusticelee@gmail.com
Attorneys for Plaintiff and the proposed Class

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JOHN PEREZ and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br>Defendants. | Case No.: 1:17-cv-00686-AWI-BAM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FAILURE TO PAY MINIMUM WAGES;**<br>2. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED;**<br>3. **FAILURE TO PAY OVERTIME WAGES;**<br>4. **FAILURE TO PROVIDE LEGALLY-COMPLIANT MEAL AND REST PERIODS**<br>5. **UNPAID WAGES AND WAITING TIME PENALTIES;**<br>6. **FAILURE TO PROPERLY ITEMIZED PAYSTUBS;**<br>7. **UNLAWFUL DEDUCTION FROM WAGES;**<br>8. **Enforcement of the Labor Code Private Attorneys General Act of 2004 Labor Code § 2698, et seq. ("PAGA");**<br>9. **VIOLATION OF CALIFORNIA BUSINESSS AND PROFESSIONS CODE; AND**<br>10. **CONVERSION.** |

Plaintiff, on behalf of himself, and all other similarly situated individuals, alleges as follows:

- 1 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Perez v. Leprino Foods Company, *et al.* Case No.: 1:17-cv-00686-AWI-BAM

## JURISDICTION

1.    Jurisdiction is proper in this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(4)(A),(B), *et seq*., because, as Defendants have admitted, damages exceed five million dollars ($5,000,000) and there is minimal diversity of citizenship between the parties as Plaintiffs are citizens of the state of California while Defendants are incorporated in the state of Colorado. *See,* Defendant's Notice of Removal at Dkt No.1.

2.    Venue is proper in this Court because all matters complained of herein took place in Kings County, California.

## INTRODUCTION

3.    This is a class action against Leprino Foods Company, Leprino Foods Dairy Products Company, and Does 1-50 (collectively "Leprino" or "Defendants") to challenge their policy and practice of requiring their non-exempt employees to work substantial amounts of time without pay and failing to provide their non-exempt employees with the off duty/duty free meal and rest periods to which they are entitled by law at their Lemoore East, Lemoore, California.

4.    Unlike, the *Talavera* action (1:13-cv-02059-AWI-BAM) in which the Plaintiff and Class members are NON UNION workers, here, Plaintiff and Class Members are non-exempt, hourly employees, who work pursuant to a Collective Bargaining Agreement ("CBA") between Leprino and the Teamsters Union.  *CBA,* attached hereto as Exhibit "A".

5.    Under Defendants' wage compensation system, Defendants do not pay Plaintiff and Class Members for all required pre- and post-shift work activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing required sanitary gear ("SG"), walking to production lines, waiting in line to sanitize, and waiting for SG and/or supplies.

6.    The time that Defendants require their employees to work without compensation is substantial, and deprives Plaintiff and Class Members of many hours' worth of wages (both straight-time and overtime) per week.

7.    Workers at the Lemoore East facility must first report to a "clean locker" to be

issued clean work shirts and trousers for the day.  This is an integral and indispensable work activity as the clean shirts and trousers are mandatory, and issued daily by Leprino to prevent cross contamination of cheese products consumed by humans.   From their clean lockers, workers must next walk over to their personnel lockers where they keep tools and required PPE, such as work boots and helmets.  At their personnel lockers workers changed out of their street clothes and into their sanitary work equipment.  After putting on their required equipment, workers then punch in for their required shift, roughly 5 minutes before paid work time begins in order to allow them time to walk to their respective work areas.

8.    Workers are not on continual paid time from the time they arrive at their clean lockers to begin their work duties, but rather from the time scheduled paid time starts.  Thus a worker whose shift starts at 6 a.m., is not paid for all time prior to 6 a.m. spent from the time they arrive at their clean lockers and subsequent time spent at personal lockers, waiting in lines at lockers and to punch in.  This illegal practice calls into question the reliability of Leprino's time keeping data, as many meal breaks did not start within 5 or 10 hours of actual work activities, i.e., the arrival of workers at their clean lockers (as required by California law), but rather from the start of scheduled paid time

9.    Likewise, as a result of workers not being paid for all time worked from the time they arrive at their clean lockers, Plaintiff and Class members have been deprived of substantial amounts of over time compensation.

10.    In violation of Labor Code section 226.7, Plaintiff and Class Members are required to remain on call during meal and rest breaks and to respond to communications from supervisory personnel.  Plaintiff and Class members are either required to carry a radio in order to communicate with supervisory personnel concerning work issues during meal and rest breaks, and/or are required to respond to calls over the intercom during meal and rest breaks, including returning to the production floor prior to the conclusion of their meal and rest breaks.  As a result of this illegal policy Plaintiff and class members were in fact uniformly never provided with "duty free" meal and rest breaks as required under California law. .

11.     Unlike, the *Talavera* case, *supra*, Plaintiff and many, though not all Class members, were provided with illegal paid, on duty, meal breaks and thus were kept on duty during their 30 minute meal breaks.  Ostensibly the meal breaks were paid because it was "impossible" to relieve workers, such as Operators, to take thirty minute meal breaks.  However, workers working in the exact same jobs at Leprino's Lemoore West facility were relieved to take meal periods by "Relief" workers.  Thus, any claim of impossibility by Leprino to provide duty free, unpaid, thirty minute meal breaks would be transparently false.

12.     Throughout the Class period, Plaintiff and Class Members worked many shifts in excess of ten hours, but were not afforded a second off-duty 30-minute meal period as required by California law, rather they were afforded a third rest break, but, given that they had to remain on duty and answer questions from the production floor, Plaintiff and Class members were in fact not even provided with a third rest break on work days of ten hours or longer. .

13.     **As** a result of these violations, Defendants are also liable for various other penalties under the Labor Code, and for violation the Unfair Business Practices Act ("UCL"), Business and Professions Code §§17200, *et seq*.

14.     Plaintiff seeks full compensation on behalf of himself and all others similarly situated for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties.  Plaintiff further seek penalties, on behalf of himself and the proposed California-law class, for Defendants' violations of the Labor Code and California Industrial Welfare Commission ("IWC") wage orders, as set forth below.  Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

### PARTIES

15.     Plaintiff had been employed by Defendants at their Lemoore East, Lemoore, Kings County, California facilities within the statutory period in this case. All matters complained of herein took place in Kings County, California.

16.     Defendants are all corporations, and at all times relevant to this complaint have

been, upon information and belief, engaged in food processing at their Lemoore, King's County California facilities.

17.     The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by fictitious names.  Plaintiff are informed, believe, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff' and the Class' damages as herein alleged.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

18.     At all relevant times, upon information and belief, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed Class Members in this judicial district.  At all relevant times, Defendants have exercised control over the wages, hours and/or working conditions of Plaintiff and Class Members, suffered or permitted Plaintiff and Class Members to work, and/or engaged Plaintiff and Class Members, thereby creating a common law employment relationship. Defendants are "persons" as defined in California Labor Code §18 and California Business and Professions Code § 17201.  Defendants are also "employers" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

## FACTUAL ALLEGATIONS

19.     The policies and practices of Defendants, including failure to pay for all hours worked, the failure to pay overtime wages, uniformly failing to provide legally-compliant meal and rest periods, and failure to pay all wages owing upon termination of employment, at all relevant times have been substantially similar for Plaintiff and Class Members.

20.         Pursuant to state and federal regulations and Defendants' own internal good manufacturing policies ("GMPs")and procedures, Plaintiff and Class Members are required to donn SG and sanitize their persons to prevent cross-contamination of the food product manufactured by Defendants.  The GMP compliance work activities are designed to protect the consuming public from illness due to human-borne cross-contaminants that might be passed-on to

- 5 –

food product were the required SG not worn.

21.    At the beginning of each work day, prior to the start of paid time, Plaintiff and Class Members spend substantial amounts of time, for which they are not compensated, engaged in mandatory GMP compliance work activities.  As a result of the various work activities which must be performed prior to the start of paid time, employees regularly are forced to arrive at the plant well before the start of their shifts and are not credited for all time spent working on behalf of Defendants

22.    Plaintiff and Class Members were frequently required to work strait through rest breaks in order to keep up with production needs.  Failure to keep up with production and taking a rest period could result in discipline up to termination.  Leprino uniformly failed to pay Rest Break premiums to workers who worked through their Rest Breaks.

23.    Plaintiff and Class members were not in fact provided meal breaks/rest breaks that were duty free, as all workers were required to remain "ON CALL" and communicate with supervisory concerning work issues during rest breaks, either via radios, or if called upon to do so via the intercom, including cutting their rest and meal breaks short.  Therefore, Plaintiff and Class Members were not if fact ever offered, duty free, legally-compliant ten-minute rest periods and were uniformly not paid rest break premiums for remaining on duty during Rest Breaks.

24.    Defendants also routinely failed to afford Plaintiff and Class Members duty-free 30-minute meal periods within 5 hours of starting mandatory work activities and further Defendants continued to exercise control over Plaintiff and Class Members during meal and rest periods, requiring them to remain on duty and to communicate with supervisory personnel on work related issues when called upon to do so.

25.    Further, as a result of Defendants policies of not paying workers for all time spent in pre paid time integral and indispensable work activities, punch records do not in fact accurately reflect the number of meal breaks that in fact started within 5, 10 or 12 hours of the actual start of work activities.

- 6 –

26.     Moreover, Defendants had an illegal policy mandating that workers in certain departments not clock out and in for meal breaks.  This policy was in effect so that workers in Whey and other departments could be called back to the production floor during meal breaks should production needs necessitate.  This policy was illegal as it was not in fact impossible to relieve workers for meal breaks and rest breaks.

27.     These on duty, paid, meal breaks are illegal because Leprino could have relieved provided these workers with off duty meal breaks as they do for workers working in identical cheese manufacturing jobs at Leprino's, non union, Lemoore West facility, but Leprino chose not to do so.

28.     As a result of this policy, many punch records will show workers working for a strait 8 hours, not 8.5 hours.  This was because meal breaks for many workers were/are paid for and, thus, as a result were not duty free.  Defendant implemented this illegal policy to avoid paying meal break premiums and to hide the violations from legal scrutiny.

29.     Leprino uniformly failed to provide Plaintiff and Class Members with duty free meal periods as all were required to remain on call during meal periods and communicate with supervisory personnel concerning work issues if called on the radio, and/or if called on the intercom.  Failure to communicate when called upon to do so could result in discipline up to and including termination.

30.     Throughout the class period Defendants also did not afford Plaintiff and Class Members with an opportunity to take a second, off-duty 30-minute meal period on shifts of ten hours or longer.

31.     Defendants' unlawful conduct has been widespread, repeated, and willful throughout the Lemoore East facility.  Defendants knew, or should have known, that their policies and practices have been unlawful and unfair.

**CLASS ACTION ALLEGATIONS**

32.    Plaintiff bring this case as a class action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure ("CCP") §382.  The Class that Plaintiff seeks to represent is defined as follows:

33.    All individuals who are currently employed, or formerly have been employed, as nonexempt hourly employees at Defendants' Lemoore East facilities in Lemoore, California, at any time within four years prior to the filing of the original complaint until resolution of this action.

34.    Class Members are so numerous that joinder is impracticable.  Although the exact number of Class Members is unknown to Plaintiff, Plaintiff avers, upon information and belief, that the Class includes hundreds, if not thousands, of employees.

35.    This action has been brought and may properly be maintained as a class action under CCP §382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

36.    Questions of law and fact common to the Class include:

    i.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid shift time, failed to pay Class Members all of the wages they are owed in violation of the California Labor Code;

    ii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid shift time, failed to pay Class Members all of the overtime wages they are owed in violation of the California Labor Code;

    iii.    Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid shift time, failed to pay Class Members all of the overtime wages they are owed in violation of Business and Professions Code § 17200 *et seq.*;

- 8 –

iv. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work prior to the start of paid shift time resulted in Plaintiff and Class Members not being afforded their first meal period within 5 hours of the start of work activities and their second meal period within 10 hours of the start of work activities;

v. Whether Defendants pay, work and meal-and rest-period policies were in violation of Business and Professions Code § 17200 *et seq*.;

vi. Whether Defendants, through their policy of not affording Plaintiff and Class Members a second 30-minute meal period on shifts of ten hours, or longer, is in violation of the California Labor Code;

vii. Whether Defendants, through their policy of not affording Plaintiff and Class Members ten minutes of off-duty net rest time per four hours, or major fraction thereof, of work is in violation of the California Labor Code;

viii. Whether Defendants, through their policy of requiring their non-exempt hourly employees to work in excess of ten hours per day without affording a second 30-minute meal period, failed to afford Class Members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 *et seq*.;

ix. Whether Defendants, because of their policy of requiring their non-exempt hourly employees to don and doff SG and sanitize during their rest periods, in addition to lengthy walks to duty free breaks areas, failed to afford Plaintiff and Class Members the opportunity to take duty-free ten-minute rest periods is in violation of the California Labor Code;

x. Whether Defendants, through their policy of requiring their non-exempt hourly employees to perform substantial work during rest periods, violated Business and Professions Code § 17200 *et seq*.;

xi. Whether Defendants' systemic failure to afford Plaintiff and Class Members

- 9 –

off-duty meal periods and rest periods was an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*;

xii.   Whether Defendants' policy and practice of failing to pay Plaintiff and Class Members all wages due upon the end of their employment violated the California Labor Code;

xiii.  Whether Defendants' policy of failing to record all hours worked, and failing to record and compensate non-compliant meal and rest periods, resulted in Plaintiff and Class Members being paid with non-complaint wage statements in violation of the California Labor Code; and

xiv.   Whether Defendants' policy and practice of failing to pay Plaintiff and Class Members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code § 17200 *et seq.*

xv.    Whether Leprino's policy of requiring Plaintiff and Class members to remain on call during meal and rest breaks is in violation of Labor Code section 226.7.

xvi.   Whether Leprino's policy of providing paid, on duty, meal and is illegal.

37.   Typicality:  Plaintiff's claims are typical of the claims of the Class.  Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and Class Members to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

38.   Adequacy of Representation:  Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Counsel representing Plaintiff and the Class are competent and experienced in litigating large employment class actions, including large minimum-wage and overtime class actions.

1    Plaintiff will fairly and adequately represent and protect the interests of Class Members.

2        39.    Superiority of Class Action:  A class action is superior to other available means for

3    the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is

4    not practicable, and questions of law and fact common to the Class predominate over any

5    questions affecting only individual Class Members.  Each Class Member has been damaged and is

6    entitled to recovery by reason of Defendants' illegal policies and/or practices.  Class action

7    treatment will allow those similarly situated persons to litigate their claims in the manner that is

8    most efficient and economical for the parties and the judicial system.

9

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**(Against All Defendants)**

10

11

12        40.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

13    forth herein.

14        41.    From at least the last four years prior to the filing of this complaint to the present,

15    Defendants, and each of them, employed Plaintiff and Class Members as nonexempt hourly

16    employees.

17        42.    During the period beginning from at least four years prior to the filing of this

18    complaint to the present, Defendants, and each of them, paid Plaintiff and Class Members less

19    than the applicable minimum wage for all hours worked.

20        43.    Pursuant to Labor Code §§ 510, 558, 1194 and 1198, Wage Order No. 8-2001

21    and/or other applicable Wage Orders, and 8 CCR §11080, Defendants, and each of them, were

22    obligated to pay Plaintiff and Class Members at least the minimum wage of $8.00 per hour for all

23    hours worked during the period beginning from at least four years prior to the filing of this

24    complaint to present.

25        44.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover

26    unpaid minimum ages, subject to proof at trial, plus interest at the legal rate (Civil Code §§ 3287

27    and 3289) and attorneys' fees and costs.

28

45.     Pursuant to Labor Code §1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in the amount of unpaid minimum wages proved at trial plus interest thereon.

46.     Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code §§ 1194, *et seq.*, Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080, among other provisions regulating hours and days of work, and are individually subject to civil penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

47.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**(Against All Defendants)**

48.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

49.     California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

50.     Plaintiff and the Class were required by Defendants to work without compensation for their work they performed.  Thus, Plaintiff and Class Members were forced to perform work for the benefit of Defendants without compensation.

51.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations to provide Plaintiff and the Class with compensation for all time worked as required by California law.  Defendants committed the acts alleged herein knowingly and

- 12 –

1  willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Class, with

2  improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the

3  Class.  Plaintiff and the Class are thus entitled to recover nominal, actual, compensatory, punitive,

4  and exemplary damages in amounts according to proof at time of trial.

5         52.    As a proximate result of the aforementioned violations, Plaintiff and the Class have

6  been damaged in an amount according to proof at time of trial.  Pursuant to Labor Code § 218.5

7  and 218.6, Plaintiff and Class Members are entitled to an award of reasonable attorneys' fees and

8  costs and to interest on all due and unpaid wages.

9         53.    Pursuant to Labor Code §558, Defendants, and each of them, are employers and/or

10  persons acting on behalf of an employer, who violated, and who caused to be violated, Labor Code

11  §§ 1194, *et seq*., Wage Order No. 8 and/or other applicable Wage Orders, and 8 CCR §11080,

12  among other provisions regulating hours and days of work, and are individually subject to civil

13  penalties as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee

14  for each pay period for which the employee was underpaid in addition to an amount sufficient to

15  recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each

16  underpaid employee for each pay period for which the employee was underpaid in addition to an

17  amount sufficient to recover underpaid wages.

18         54.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

19
20                        **THIRD CAUSE OF ACTION**
                         **Failure to Pay Overtime Wages**
21                          **(Against All Defendants)**

22         55.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set

23  forth herein.

24         56.    California Labor Code §510(a) provides as follows:

25
26         Eight hours of labor constitutes a day's work. Any work in excess of eight hours in
           one workday and any work in excess of 40 hours in any one workweek and the first
27         eight hours worked on the seventh day of work in any one workweek shall be
           compensated at the rate of no less than one and one-half times the regular rate of
28

- 13 –

pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

57.    The IWC Wage Order 8-2001(3)(A)(1), 8 Cal. Code Regs. §11080, states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible under [certain] conditions….

58.    California Labor Code §1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

59.    California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

60.    Defendants' across-the-board policy of requiring Plaintiff and the Class to perform substantial uncompensated work has been unlawful. As a result of this unlawful policy, Plaintiff and Class Members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

61.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a

- 14 –

proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

62.    Defendants are liable to Plaintiff and the Class alleged herein for unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

63.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods**
**(Against All Defendants)**

64.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

65.    California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Defendants to provide meal and rest periods to their nonexempt, hourly employees.  Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to provide employees ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

66.    Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

- 15 –

67.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide Plaintiff and the Class off duty meal and rest breaks; uninterrupted 30-minute meal period within 5 hours of starting work on shifts in excess of 6 hours and second thirty minute meal breaks on shifts of ten (10) hours or longer..  Moreover, even after eventually being released for a meal period and 10 minute rest periods, Plaintiff and Class Members were still required to remain on call, and thus on duty, and communicate with supervisory personnel concerning production matters and, as a result, were uniformly were never provided with legally compliant meal and rest breaks.  Defendants have also uniformly failed to pay Plaintiff and the Class one hour of pay for having been required to remain on call during meal and rest breaks; for not being provided with second thirty minute meal breaks on shifts of 10 hours or longer; for not being provided meal breaks within 5 hours of arriving at their "clean lockers" and second thirty minute meal breaks within 10 hours of arriving at their "clean lockers".  .  Furthermore, Defendant has illegally required Plaintiff and class members to remain on duty during meal breaks, even though it is not impossible to relieve them to take off duty meal breaks.  Defendants' conduct described herein violated California Labor Code §§226.7 and 512, and the applicable wage orders.  Therefore, pursuant to Labor Code §226.7(b), Plaintiff and the Class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

68.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

**Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203**

**(Against All Defendants)**

69.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

- 16 –

70.     Labor Code §201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

71.     Labor Code §202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72.     Labor Code §203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

73.     Plaintiff has left his employment with Defendants during the statutory period, at which time Defendants owed them their unpaid wages.  Defendants have willfully refused, and continue to refuse, to pay Plaintiff and Class Members all the wages that were due and owing them upon the end of their employment.  As a result of Defendants' actions, the Class has suffered and continues to suffer substantial losses, including lost earnings and interest.

74.     Defendants' willful failure to pay Plaintiff and Class Members the wages due and owing them constitutes a violation of Labor Code §§201-202.  As a result, Defendants are liable to Plaintiff and Class Members for all penalties owing pursuant to Labor Code §§201-203.

75.     Additionally, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, the Class is entitled to penalties pursuant to Labor Code §203, plus interest.

76.     Plaintiff and the Class are entitled to an award of attorneys' fees and costs as set

- 17 –

forth below.

## SIXTH CAUSE OF ACTION

**California Wage Statement Class for Failure to Properly Itemize Pay Stubs
in Violation of California Labor Code §§226(a) and 226(e)
(Against All Defendants)**

77.     Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

78.     At all times relevant to this Complaint, California Labor Code section 226 was in effect and provided (*inter alia*) that, upon paying and employee his or her wages, the employer must:

> furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

79.     Plaintiff believe, and therefore alleges, that Defendants failed to furnish him, and all others similarly-situated, with proper and accurate itemized written statements containing (without limitation):  all the hours that Plaintiff (and others similarly-situated) worked; gross wages earned; net wages earned; total hours worked; and due and owing meal- and res-period premiums.

80.     Plaintiff alleges that Defendants' failure to furnish him with proper itemized wage statements was done knowingly and intentionally, and that she (and others similarly-situated) suffered injury thereby.  Thus, under California Labor Code section 226(e), Plaintiff (and others similarly-situated) is "entitled to recover greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for

- 18 –

each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]…"

81.    Plaintiff are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

**SEVENTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§17200, *et seq*.**
**(Against All Defendants)**

82.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

83.    California Business and Professions Code §§17200 *et seq*. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

84.    California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

85.    Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

86.    Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a.    violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

b.    violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

- 19 –

1    c.  violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining

2  to meal and rest periods; and

3    d.  violations of Labor Code §§201-203.

4    87.  The violations of these laws and regulations, as well as of the fundamental

5 California public policies protecting wages and discouraging overtime labor underlying them,

6 serve as unlawful predicate acts and practices for purposes of Business and Professions Code

7 §§17200, *et seq.*

8    88.  The acts and practices described above constitute unfair, unlawful and fraudulent

9 business practices, and unfair competition, within the meaning of Business and Professions Code

10 §§17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the

11 Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive

12 advantage over law-abiding employers and competitors.

13    89.  Business and Professions Code § 17203 provides that a court may make such

14 orders or judgments as may be necessary to prevent the use or employment by any person of any

15 practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to

16 prevent Defendants from repeating their unlawful, unfair and fraudulent business acts and business

17 practices alleged above.

18    90.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff

19 and Class Members have suffered a loss of money and property, in the form of unpaid wages that

20 are due and payable to them.

21    91.  Business and Professions Code § 17203 provides that the Court may restore to any

22 person in interest any money or property that may have been acquired by means of such unfair

23 competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

24 Code § 17203 for all wages and payments unlawfully withheld from employees during the four-

25 year period prior to the filing of this Complaint.

26    92.  Business and Professions Code § 17202 provides:  "Notwithstanding Section 3369

27 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or

28

- 20 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Perez v. Leprino Foods Company, *et al.*  Case No.: 1:17-cv-00686-AWI-BAM

penal law in a case of unfair competition."  Plaintiff and Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

93.     Plaintiff' success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of themselves as well as others similarly situated.  Plaintiff and the Class seek, and are entitled to, unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

94.     Plaintiff herein take upon themselves enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

95.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
### Conversion
### (Against All Defendants)

96.     Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.  As alleged above, Defendants wrongfully withheld earned wages and other monies from Plaintiff and Class Members.  In particular, Defendants failed to pay Plaintiff and Class Members all wages they earned pursuant to the applicable Employment Laws and Regulations.

97.     At all relevant times, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiff and Class Members all earned wages and other compensation due to them.  Such wages and compensation vested to Plaintiff and Class Members at the time the labor and services were provided to Defendants, and, accordingly, such wages and compensation are the property of Plaintiff and Class Members, not Defendants.

98.     Defendants knowingly and intentionally failed to pay Plaintiff and Class Members all wages earned.  Instead, Defendants converted Plaintiff's and Class Members' property and

- 21 –

converted it to Defendants' own use and benefit.  The amount of property (wages belonging to Plaintiff and the Class) wrongfully converted is capable of being ascertained using Defendants' own records and other data.

99.    Plaintiff and Class Members have been injured by Defendants' intentional conversion of such wages and compensation.  Plaintiff and the Class are entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion.

100.    Defendants' actions constituting conversion were oppressive, malicious, and fraudulent, and were concealed by Defendants, and each of them, from Plaintiff and the Class. Plaintiff and the Class have been injured by Defendants' oppressive, malicious, intentional and fraudulent actions, entitling Plaintiff and the Class to punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for relief as follows:

1.    Damages and restitution according to proof at trial for all unpaid wages, unpaid minimum wages, unpaid overtime, and other injuries, as provided by the California Labor Code;

2.    For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

3.    For a declaratory judgment that Defendants have violated Business and Professions Code §§17200 *et seq*., as a result of the aforementioned violations of the Labor Code and California public policy protecting wages;

4.    For preliminary, permanent and mandatory injunctive relief prohibiting Defendants, their officers, agents and all those acting in concert with them, from committing in the future the violations of law herein alleged;

5.    For an equitable accounting to identify, locate and restore to all current and former

employees the wages they are due, with interest thereon;

6.    For an order awarding Plaintiff and Class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and Class Members, together with interest on these amounts, according to proof;

7.    For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

8.    For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

9.    For all costs of suit; and

10.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

The Downey Law Firm

_Cory Lee_
*Of Counsel*
Counsel for the Plaintiff and the putative class

Dated:  June 5, 2017

- 23 –

1

**DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled

3   to a jury.

4

5                                     Respectfully submitted,

6                                     The Downey Law Firm

7   _____

8                                     Cory Lee
                                      *Of Counsel*
9                                     Counsel for the Plaintiff and the putative class

10   Dated:  June 5, 2017

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 –

FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE
Perez v. Leprino Foods Company, *et al.*  Case No.: 1:17-cv-00686-AWI-BAM