**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN PEREZ and on behalf of all other similarly situated individuals,**<br><br>Plaintiff,<br><br>**LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,**<br><br>Defendants. | **CASE NO. 1:17-CV-00686-AWI-BAM**<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

**I. Introduction**

On May 30, 2017, this Court ordered Plaintiff John Perez ("Perez") to show cause why this action should not be stayed in light the stay imposed in the consolidated *Finder v. Leprino*, Case No. 1:13-cv-2059-AWI-BAM, Doc. 81 (E.D. Cal. Jan. 1, 2017) action,[1] and the apparent overlap in claims between the present action and *Finder*. Defendants Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino") were permitted to file briefing in response to the order to show cause. Between issuance of the order to show cause and the parties' filing of their responses, Perez filed an Amended Complaint. Doc. 10. Thereafter,

---
[1] The Court consolidated the *Finder* action with *Talavera v. Leprino*, 1:15-cv-105-AWI-BAM, on November 21, 2016. *Finder v. Leprino*, Case No. 1:13-cv-2059-AWI-BAM, Doc. 63. The Court will refer to the consolidated actions as the *Finder* action.

1

Perez and Leprino both filed responses to the order to show cause within the time permitted.[2]

For the following reasons, the Court will discharge the order to show cause and decline to issue a stay of this action.

**II. Background**

On November 15, 2013, Jerrod Finder ("Finder") filed a wage and hour class action against Leprino Foods Company and Leprino Foods Dairy Products Company (collectively "Leprino"), alleging California Labor Code violations including failures to provide a second meal break or accurate itemized statements, and waiting time violations, as well as Unfair Business Practices Act violations and Private Attorneys General Act claims based on the substantive violations. The putative class definition in the *Finder* action includes all non-exempt employees of Leprino between November 15, 2009 and November 15, 2013. *See* Doc. 13 at 7.

On January 21, 2015, Jonathon Talavera ("Talavera") filed a wage and hour class action against Leprino, originally alleging, (1) claims relating to Leprino's donning and doffing procedure for required sanitary gear, (2) the same second meal period denial claim as Finder, and (3) claims for failure to pay all hours worked, overtime, and wages upon termination (based on both (a) the second meal period and rest period denials, and (b) the donning and doffing related claims). The putative class definition in the *Talavera* action includes all non-exempt employees of Leprino between January 21, 2011 and January 21, 2015. *See* Doc. 13 at 7. The Court consolidated the two actions on November 21, 2016. *Finder v. Leprino*, Case No. 1:13-cv-2059-AWI-BAM, Doc. 63. In the same order, this Court noted that *Talavera* appeared "to have abandoned his donning and doffing claims" in seeking class certification. *Id.* at Doc. 63 at 5.[3] On January 20, 2017, the Court stayed the consolidated action. *Id.* at Doc. 81. In imposing the stay, the Court noted that in proceeding forward on the consolidated *Finder* action there existed a risk of "conduct[ing] discovery and motions practice over discovery-related matters that may be rendered moot by the Ninth Circuit in resolving the interlocutory appeal." *Id.* at 7. The claims

---

[2] In Perez's response to the order to show cause he argues that this action was not appropriately related and reassigned. Doc. 14. That contention is incorrect and not responsive to the order to show cause. It will not be addressed further.

[3] The consolidated action was stayed without resolving the motion for class certification filed in the Talavera Action.

regarding failure to pay overtime, wage statement violations, and failure to pay wages upon termination were largely dependent on meal period premiums being treated as wages rather than penalties—the subject of the interlocutory appeal now before the Ninth Circuit.

On April 13, 2017, counsel for Talavera filed *Perez v. Leprino*—a new putative class action in Kings County Superior Court against Leprino, alleging claims similar to those alleged in the *Talavera* action. *Compare* Doc. 1 at 11-32 *with Talavera v. Leprino*, 1:15-cv-105-AWI-BAM, Doc. 13-1. That action was removed to this Court on May 18, 2017, and reassigned to the undersigned on May 24, 2017. Doc. 6. Perez filed an amended complaint on June 5, 2017, alleging the same causes of action and clarifying the factual bases for the claims. Doc. 10. Perez makes clear the underlying factual basis of his claims: putative class members are (1) required to engage in necessary unpaid "pre- and post- shift work activities … such as donning and doffing sanitary gear…, walking to production lines, waiting in line to sanitize, and waiting for [sanitary gear] and/or supplies" and (2) required to "remain on call during meal and rest periods" or work through meal breaks. Doc. 10 at ¶¶ 5-11. The putative class definition for the *Perez* action is narrower than *Finder* and *Talavera.* It includes all non-exempt employees at Leprino's Lemoore East facility from April 13, 2013 to April 13, 2017. Doc. 10 at ¶ 3.

### III. Legal Standard

A district court's power to control its docket includes broad discretion to grant a *Landis* stay—a stay in the proceedings pending resolution of other actions that bear on the case. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Errington v. Time Warne Cable Inc.*, 2016 WL 2930696, *3-4 (C.D. Cal. May 18, 2016); *Larroque v. First Advantage Lns Screening Solutions, Inc.*, 2016 WL 39787, *2 (N.D. Cal. Jan. 4, 2016); *see Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") In determining whether to grant such a stay, the Ninth Circuit requires a district court to consider "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are [(1)] the possible damage which may result from

the granting of a stay, [(2)] the hardship or inequity which a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir 1962)) (internal quotation marks omitted). Moreover, "[a] stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the Court." *Id*. (quoting *Leyvla*, 593 F.2d at 864) (internal quotation marks omitted).

The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255; *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005).

**IV. Discussion**

In response to the order to show cause, Leprino contends that "*Perez* presents substantially similar allegations to those in *Finder* and *Talavera.*" Doc. 13 at 6. Leprino emphasizes to the Court that *Perez* alleges violations of the same statutes allegedly violated in the consolidated *Finder* action which partially overlaps in class period. Leprino is correct that *Perez* and the consolidated *Finder* action allege violation of the same statutes. However, the *Finder* action was not stayed because of the statutes that were alleged to have been violated. The *Finder* action was stayed because much of the litigation could be mooted by the Ninth Circuit's decision.

The value of Perez's first through third, fifth, and sixth causes of action (failure to pay minimum wages, failure to compensate for all hours worked, failure to pay overtime wages, waiting time penalties, and wage statement violations) alleged in the *Perez* action certainly could be impacted by the question now pending before the Ninth Circuit Court of Appeals in *Finder*— "whether failure to itemize or pay 'meal period premiums' constitutes failure to itemize or pay 'wages.'" *Finder v. Leprino*, Case No. 1:13-cv-2059-AWI-BAM, Doc. 81 at 2. For instance, if

4

the Ninth Circuit decides that meal period premiums are wages, the number of hours worked and therefore the number of overtime hours worked, increases. However, if the Ninth Circuit comes to the contrary conclusion, fewer overtime hours were due.

That said, none of those claims appear to be dependent on the question before the Ninth Circuit. Even if meal period premiums are not appropriately considered wages, the unpaid pre- and post-shift task allegations alone support Perez's claims for failure to pay minimum wages, failure to compensate for all hours worked, failure to pay overtime wages, waiting time penalties, and wage statement violations. None of Perez's claims are wholly derivative of argument that unpaid meal period premiums should be treated as unpaid wages. Moreover, it does not appear that the discovery required in this case—unlike *Finder* and *Talavera*—could be impacted in any way by the Ninth Circuit's determination. Regardless of whether meal period premiums are wages or penalties, the other factual bases for the wage payment, overtime, waiting time, and wages statement claims permit discovery in those areas. Similarly, regardless of whether meal period premiums are wages or penalties, discovery regarding the frequency of those violations is appropriate. *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, *4 (N.D. Cal. June 8, 2011) (cost of discovery does not weight in favor of a stay when incurring those costs will take place regardless of the result of the appeal). The likelihood of waste resulting from conducting discovery during the pendency of the appeal is low.

The justifications in support of staying the *Finder* action are lacking here. Because all of Perez's claims will survive the Ninth Circuit's decision (even if impacted in some way) and because the Ninth Circuit's decision is unlikely impact the scope of discovery, economy of time and effort for the Court and parties would not be furthered by issuance of a stay and Leprino would not suffer hardship or inequity at having to move forward. *American Hotel & Lodging Assn. v. City of Los Angeles*, 2015 WL 10791930, *3 (C.D. Cal. Nov. 5, 2015) (citing, *inter alia*, *Landis*, 299 U.S. at 254-255). For those reasons, the Court will decline to issue a stay.

///

///

///

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that the order to show cause issued on May 30, 2017 is discharged. No stay is issued.

IT IS SO ORDERED.

Dated: June 16, 2017

_____
SENIOR DISTRICT JUDGE