HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT, SBN 172990
srappaport@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
KYLE A. MABE, SBN 295735
kmabe@hansonbridgett.com
DANIEL R. LENTZ, SBN 309365
dlentz@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:     (415) 777-3200
Facsimile:     (415) 541-9366

Attorneys for Defendants
LEPRINO FOODS COMPANY and LEPRINO
FOODS DAIRY PRODUCTS COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JOHN PEREZ and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>LEPRINO FOODS COMPANY, a Colorado Corporation; LEPRINO FOODS DAIRY PRODUCTS COMPANY, a Colorado Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:17-cv-00686-AWI-BAM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    Hon. Anthony W. Ishii<br>Date:     August 14, 2017<br>Time:     1:30 p.m.<br>Crtrm.:   2<br><br>Action Filed:          April 13, 2017 |

## NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

## TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on August 14, 2017, at 1:30 p.m. or as soon thereafter

as counsel may be heard in Courtroom 2 of the Robert E. Coyle Federal Courthouse, located at

---

1  2500 Tulare St, Fresno, CA 93721, California, 93721, Defendant LEPRINO FOODS COMPANY

2  and Defendant LEPRINO FOODS DAIRY PRODUCTS COMPANY (collectively "Defendants")

3  will and hereby do move this Court for an order dismissing Plaintiff's First, Second, Third, and

4  Eighth Causes of Action against them in the First Amended Complaint (FAC) on the grounds that

5  he has failed to state a claim upon which relief may be granted, pursuant to Rule 12(c) of the

6  Federal Rule of Civil Procedure.  Defendants seek an order dismissing:

7         1.      Plaintiff's First Cause of Action for failure to pay minimum wages fails because the

8  collective bargaining agreement governing the employment of Plaintiff and the putative class (the

9  "CBA"), which is attached as Exhibit A to the FAC, shows that those employees have been and

10  are paid more than minimum wage.

11         2.      Plaintiff's Second Cause of Action for failure to compensate for all hours worked

12  fails because the CBA shows that Plaintiff and the putative class are compensated for donning and

13  doffing time.

14         3.      Plaintiff's Third Cause of Action for failure to pay overtime compensation fails

15  because California Labor Code section 510 does not apply to employees, such as Plaintiff and the

16  putative class, who are covered by a valid collective bargaining agreement.

17         4.      Plaintiff's Eighth Cause of Action for conversion fails because Plaintiff has not

18  alleged facts showing his or the putative class's title to the money they are allegedly owed or the

19  exact sum of wages allegedly owed and, alternatively, because conversion claims may not be

20  based on statutory wage and hour violations, as a matter of law.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

13603703.3

1    This motion is based on this Notice of Motion, the attached Memorandum of Points and

2  Authorities, the Complaints on file in this action, and any other evidence or materials that the

3  Court may allow before or at the time of hearing.

4  DATED:  July 17, 2017                          HANSON BRIDGETT LLP

5

6                                        By:_____/s/Kyle A. Mabe_____

7                                               SANDRA L. RAPPAPORT
                                                 LISA M. POOLEY
8                                               KYLE A. MABE
                                                 DANIEL R. LENTZ
9                                               Attorneys for Defendants
                                                 LEPRINO FOODS COMPANY and LEPRINO
10                                              FOODS DAIRY PRODUCTS COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

13603703.3

## <u>TABLE OF CONTENTS</u>

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.      INTRODUCTION..................................................................................................................1

II.     PROCEDURAL HISTORY ...................................................................................................1

III.    PERTINENT FACTUAL ALLEGATIONS ........................................................................2

IV.     LEGAL STANDARD ............................................................................................................3

V.      ARGUMENT ..........................................................................................................................4

      A.     The Court Should Dismiss Plaintiff's First Cause Of Action Because The
            CBA Shows That Leprino Pays Its Employees More Than Minimum Wage ..........4

      B.     Plaintiff's Second Cause Of Action For Failure To Compensate For All
            Hours Worked Should Be Dismissed Because The CBA Shows That
            Leprino Compensates Its Employees For Time Spent Donning And Doffing
            Safety Gear ........................................................................................................................4

      C.     The Court Should Dismiss Plaintiff's Third Cause Of Action Because
            California Labor Code Section 510 Does Not Apply To Employees Who
            Are Paid Overtime Wages Pursuant To A Valid Collective Bargaining
            Agreement .........................................................................................................................5

      D.     Plaintiff's Eighth Cause Of Action Should Be Dismissed Because He Has
            Failed To Allege A Cognizable Claim Of Conversion .................................................6

           1.     Plaintiff Has Not Alleged Facts Showing Title Or Possession Of The
                 Allegedly Converted Wages.................................................................................6

           2.     Alternatively, The Statutes Upon Which Plaintiff Bases His
                 Conversion Claim Provide The Exclusive Remedies ...................................8

VI.     CONCLUSION .......................................................................................................................8

13603703.3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...................................................................................................1, 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................................1, 3

*Brewer v. Premier Golf Properties,*
   168 Cal.App.4th 1243 (2008) ........................................................................................8

*Cafasso, U.S. ex rel. v. General Dynamics CA Systems, Inc.,*
   637 F.3d 1047, 1054 (9th Cir. 2011) ..............................................................................3

*Chavez v. United States,*
   683 F.3d 1102 (9th Cir. 2012) ........................................................................................3

*Fischer v. Machado,*
   50 Cal.App.4th 1069 (1996)............................................................................................7

*Haigler v. Donnelly,*
   18 Cal.2d 674 (1941)........................................................................................................7

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
   896 F.2d 1542 (9th Cir. 1989) ........................................................................................3

*Larsen v. Trader Joe's Co.,*
   917 F.Supp.2d 1019 (N.D. Cal. 2013) ...........................................................................3

*Lorbeer v. Am. Tel. & Tel. Co.,*
   958 F.2d 377 (9th Cir. 1992)..........................................................................................3

*Mendoza v. Rast Produce Co.,*
   140 Cal.App.4th 1395 (2006)..........................................................................................6

*Moore v. Regents of University of California,*
   51 Cal.3d 120 (1990)..................................................................................................6, 7

*Santiago v. Amdocs, Inc.,*
   No. C 10-4317 SI, 2011 WL 1303395 (N.D. Cal. Apr. 2, 2011) ...............................6, 8

*Summit Media LLC v. City of L.A., CA,*
   530 F. Supp. 2d 1084 (C.D. Cal. 2008)..........................................................................3

*Ventress v. Japan Airlines*,
    603 F.3d 676 (9th Cir. 2010)....................................................................................................3

*Voest-Alpine Trading USA Corp. v. Bank of China*,
    142 F.3d 887 (5th Cir. 1998)....................................................................................................3

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* .....................................................................................2, 8

Cal. Code Regs., tit. 8
    § 11000 ...............................................................................................................................4, 6
    § 11080 (G)...............................................................................................................................5
    § 11080.1..................................................................................................................................5

Cal. Lab. Code
    § 510 ..................................................................................................................................1, 5, 6
    § 514 .........................................................................................................................................6

Class Action Fairness Act, 28 U.S.C.
    § 1441(a) .................................................................................................................................1
    § 1446 ......................................................................................................................................1
    § 1453(b) .................................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(c)..................................................................................................................2, 3

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

13603703.3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff John Perez ("Plaintiff") brings this putative wage and hour class action against his former employer, Leprino Foods Company, and an entity that never has been his employer, Leprino Foods Dairy Products Company (collectively "Defendants" or "Leprino").  In his First Amended Complaint (FAC), Plaintiff's claims for failure to pay minimum wages, failure to compensate for all time worked, failure to pay overtime, and conversion do not meet the pleading requirements of the Federal Rules of Civil Procedure, as clarified in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's First Cause of Action for failure to pay minimum wages should be dismissed because, through his incorporation into the FAC of the collective bargaining agreement governing his and the putative class's employment (the "CBA"), Plaintiff alleges that he and the putative class were paid more than minimum wage.

Similarly, his Second Cause of Action should be dismissed because he alleges, again through the CBA, that he and the putative class were compensated daily for time spent donning and doffing safety gear.

Plaintiff's Third Cause of Action for failure to pay overtime should be dismissed because California Labor Code Section 510 does not apply to employees such as Plaintiff and the putative class, whose employment is governed by a valid collective bargaining agreement, as Plaintiff alleges.

Finally, Plaintiff's Eighth Cause of Action for conversion should be dismissed because Plaintiff fails to allege title to the wages allegedly owed or a specific sum of money that he and the putative class allegedly are owed.  Alternatively, the conversion claim should be dismissed because the statutes underlying the claim provide the exclusive remedies.

### II.  PROCEDURAL HISTORY

On April 13, 2017, Plaintiff filed this putative class action against Defendants in state court.  On March 18, 2017, Defendant Leprino Foods Company removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1441(a), 1453(b), and 1446.

-1-

13603703.3

On June 5, 2017, Plaintiff filed his FAC alleging:  (1) failure to pay minimum wages; (2) failure to compensate for all hours worked; (3) failure to pay overtime wages; (4) failure to provide legally-compliant meal and rest periods; (5) unpaid wages and waiting time penalties; (6) failure to properly itemize wage statements; (7) violation of Business & Professions Code Section 17200, *et seq.*; and (8) conversion.

Defendants timely filed an Answer to the FAC and now bring this motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure.

### III.    PERTINENT FACTUAL ALLEGATIONS

Plaintiff's FAC alleges and pleads the following facts:

He was employed by Leprino at its Lemoore East facility in Lemoore, California.  (FAC, ¶ 15.)

Plaintiff and the putative class are non-exempt, hourly employees whose work is and was governed by a valid collective bargaining agreement between Leprino Foods Company and Teamsters Local Union No. 517 (the "CBA").  (FAC, ¶ 4, Ex. A.)

The CBA expressly provides for the wages, hours of work, and working conditions of Plaintiff and the putative class.  (FAC, Ex. A.)

The CBA provides the wage rates for Plaintiff and the putative class, and the lowest hourly wage rate for any employee in the last four years is $12.99.  (FAC, Ex. A, p. 11, § 10, Schedule "A.")

The CBA provides that:  "Employees will be paid a total of 14 minutes of additional compensation for donning and doffing at the straight time rate for each shift worked."  (FAC, Ex. A, p. 12, § 11.)

The CBA provides that Plaintiff and the putative class receive premium wage rates for all overtime hours worked.  (FAC, Ex. A, p. 2, § 6.B.)

Plaintiff's and the putative class's earned wages and other compensation "vested" to Plaintiff and the putative class at the time they provided labor and services to Leprino and became the "property" of Plaintiff and the putative class.  (FAC, ¶ 97.)

////

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

13603703.3

## IV.    LEGAL STANDARD

A motion for judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Lorbeer v. Am. Tel. & Tel. Co.*, 958 F.2d 377 (9th Cir. 1992).  Although Rule 12(c) "does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action." *Larsen v. Trader Joe's Co.*, 917 F.Supp.2d 1019, 1022 (N.D. Cal. 2013).

The analysis for evaluating a Rule 12(c) motion is virtually identical to the analysis for a Rule 12(b)(6) motion.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *Cafasso, U.S. ex rel. v. General Dynamics CA Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  To survive a Rule 12 motion based on failure to state a claim, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint is required to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Ultimately, the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.

"In considering a motion under Rule 12(c), a court must generally limit its review to the pleadings themselves." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  However, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence" and, thus, may be considered in a Rule 12(c) motion. *Summit Media LLC v. City of L.A., CA*, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir.

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

1   1998)).

2                    **V.      ARGUMENT**

3   **A.    The Court Should Dismiss Plaintiff's First Cause Of Action Because The CBA Shows
          That Leprino Pays Its Employees More Than Minimum Wage**

4

5          In his First Cause of Action, Plaintiff alleges that, since April 2013, Leprino failed to pay

6   its employees the applicable minimum wage.  (FAC, pp. 11-12.)  From January 1, 2008, through

7   July 1, 2014, the minimum wage in California was $8.00 per hour.  Cal. Code Regs., tit. 8, §

8   11000 (California Minimum Wage, MW-2014, Effective 7-1-14).  From July 1, 2014, through

9   January 1, 2016, the minimum wage in California was $9.00 per hour.  *Id*.  From January 1, 2016,

10  through January 1, 2017, the minimum wage in California was $10.00 per hour.  *Id*.  From January

11  1, 2017 through the present, the minimum wage in California has been $10.50 per hour.  Cal.

12  Code Regs., tit. 8, § 11000 (California Minimum Wage, MW-2017, Effective 1-1-17).

13         Plaintiff also alleges, however, that at all times relevant to this case, Leprino paid its

14  nonexempt employees significantly more than the applicable minimum wage.  As can be seen

15  from the CBA's "Schedule A:  Classification and Wage Rates," except for 2015, Leprino has paid

16  its employees wage rates of *at least* $18.00 per hour.  (FAC, Ex. A, pp. 36-37, 40.)  An hourly

17  wage rate of $18.00 is 75% more than the highest minimum wage during the class period, $10.50

18  per hour.  Cal. Code Regs., tit. 8, § 11000 (California Minimum Wage, MW-2017, Effective 1-1-

19  17).  In 2015, the lowest wage rate Leprino paid any of its employees (in a single job

20  classification) was $12.99 per hour, which is approximately 31% greater than the $9.00 minimum

21  wage during that same year.  (FAC, Ex. A, p.  41; Cal. Code Regs., tit. 8, § 11000 (California

22  Minimum Wage, MW-2014, Effective 7-1-14).)  Thus, Plaintiff's own allegations show that he

23  and the putative class received well more than minimum wages.

24         Plaintiff's allegations fail to state a plausible claim of failure to pay minimum wages.

25  Accordingly, his First Cause of Action should be dismissed.

26  **B.    Plaintiff's Second Cause Of Action For Failure To Compensate For All Hours
          Worked Should Be Dismissed Because The CBA Shows That Leprino Compensates
          Its Employees For Time Spent Donning And Doffing Safety Gear**

27

28         Plaintiff alleges in his Second Cause of Action that Leprino failed to pay its employees for

                                            -4-

1   all hours worked.  (FAC, pp. 12-13.)  As Plaintiff acknowledges, IWC Wage Order 8 applies to

2   employees at Leprino's Lemoore East plant.[1]  (FAC, ¶ 53.)  Section G of this Wage Order defines

3   "Hours Worked" as "the time during which an employee is subject to the control of an employer,

4   and includes all the time the employee is suffered or permitted to work, whether or not required to

5   do so."  Cal. Code Regs. tit. 8, § 11080 (G).

6          Although unclear, it appears that this claim is premised on Plaintiff's allegation that he and

7   the putative class are not paid for the time they spend donning safety gear at the start of each

8   workday.[2]  (FAC, ¶¶ 20, 21.)  Plaintiff alleges, however, that employees are compensated for

9   donning their safety gear.  (FAC, Ex. A, p. 12, § 11.)  The CBA expressly provides:  "Employees

10  will be paid a total of 14 minutes of additional compensation for donning and doffing at the

11  straight time rate for each shift worked."  (*Id.*)  Plaintiff does not allege that his, or any putative

12  class member's, donning activity exceeds 14 minutes, the amount of time negotiated and agreed to

13  by his union and Leprino.

14         Plaintiff has not plausibly alleged that Leprino failed to compensate employees for all

15  hours worked.  Accordingly, his Second Cause of Action should be dismissed.

16  **C.    The Court Should Dismiss Plaintiff's Third Cause Of Action Because California
        Labor Code Section 510 Does Not Apply To Employees Who Are Paid Overtime**
17  **     Wages Pursuant To A Valid Collective Bargaining Agreement**

18         In his Third Cause of Action, Plaintiff alleges that Leprino failed to pay its employees

19  overtime wages as required by California Labor Code section 510.  (FAC, pp. 13-15.)  Generally,

20  Section 510 governs the payment of overtime wages for nonexempt employees.  Section 510,

21  however, does not apply:

22         to an employee covered by a valid collective bargaining agreement if the agreement
           expressly provides for the wages, hours of work, and working conditions of the
23         employees, and if the agreement provides premium wage rates for all overtime
           hours worked and a regular hourly rate of pay for those employees of not less than
24         30 percent more than the state minimum wage.  Cal. Lab. Code § 514.

25  ───────────────────

26  [1] Wage Order 8 applies to "all persons employed in the industries handling products after harvest
    whether paid on a time, piece rate, commission, or other basis. . ."  Cal. Code Regs., tit. 8, §
27  11080.1.

28  [2] Plaintiff does not specify which factual allegations underlie his Second Cause of Action.  (FAC,
    pp. 12-13, ¶¶ 48-54.)

The CBA meets the requirements of Section 514's exemption from Section 510's overtime provisions.  First, the CBA provides for wages, hours of work, and working conditions.  (FAC, Ex. A.)  Second, the CBA provides for premium wages for overtime work.  (*Id*. at p. 2, § 6.B.)  Finally, the CBA provides for regular hourly wage rates of not less than 30 percent more than the state minimum wage.  According to the CBA, the lowest hourly wage rate of $12.99 came in the year 2015, when the minimum wage in California was $9.00.  (FAC, Ex. A,  p. 41; Cal. Code Regs., tit. 8, § 11000 (California Minimum Wage, MW-2014, Effective 7-1-14).)  The rate of $12.99 is approximately 31% higher than the $9.00 minimum wage.  The lowest wage rate in the CBA for all other years at issue is $18.00 per hour.  That rate is 75% higher than the highest California minimum wage of $10.50, which went into effect in 2017.  Cal. Code Regs., tit. 8, § 11000 (California Minimum Wage, MW-2017, Effective 1-1-17).  Thus, California Labor Code section 510, upon which Plaintiff relies for his overtime claim, does not apply to Leprino at its Lemoore East facility.  Accordingly, Plaintiff's Third Cause of Action should be dismissed.

**D.    Plaintiff's Eighth Cause Of Action Should Be Dismissed Because He Has Failed To Allege A Cognizable Claim Of Conversion**

       1.    Plaintiff Has Not Alleged Facts Showing Title Or Possession Of The Allegedly Converted Wages

Plaintiff alleges in his Eighth Cause of Action that Leprino wrongfully converted his and the putative class's wages.  (FAC, pp. 21-22.)  Conversion is the wrongful exercise of dominion over the property of another.  The elements of a conversion claim are:  (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  *Santiago v. Amdocs, Inc.*, No. C 10-4317 SI, 2011 WL 1303395, at *3 (N.D. Cal. Apr. 2, 2011), citing *Mendoza v. Rast Produce Co.,* 140 Cal.App.4th 1395, 1404–05 (2006).  "To establish a conversion, plaintiff must establish an actual interference with his *ownership or right of possession*… Where plaintiff neither has title to the property alleged to have been converted, nor possession thereof, he cannot maintain an action for conversion."  *Moore v. Regents of University of California,* 51 Cal.3d 120, 136 (1990) (internal citations omitted) (italics in original).  Further, "money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved."  *Fischer v. Machado,* 50

-6-

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FIRST, SECOND, THIRD, AND EIGHTH CAUSES OF ACTION; MPA

13603703.3

1  Cal.App.4th 1069, 1072 (1996), *citing Haigler v. Donnelly,* 18 Cal.2d 674, 681 (1941).

2          Plaintiff's FAC fails to state a claim for conversion because it does not plead facts showing

3  that Plaintiff or the putative class have title to the wages allegedly converted, or that the alleged

4  wages are a specific sum capable of identification. *Moore, supra,* 51 Cal.3d at 136; *Fischer,*

5  *supra,* 50 Cal.App.4th at 1072.  The FAC makes the bald assertion that the allegedly converted

6  wages "vested to Plaintiff and Class Members at the time the labor and services were provided to

7  Defendants, and, accordingly, such wages and compensation are the property of Plaintiff and Class

8  Members." (FAC, ¶ 97.)  But such an allegation of ownership is both a contention and a

9  conclusion of law that is not binding on the court. *Moore, supra,* 51 Cal.3d at 136 n.19 (affirming

10  the sustaining of demurrer, without leave to amend, on purported cause of action for

11  conversion).  Moreover, the FAC reveals that Plaintiff and the putative class never had possession

12  of the wages that Plaintiff claims Leprino converted.  Plaintiff alleges that Defendants "failed to

13  pay" the allegedly converted wages earned.  (FAC, ¶ 98.)  Further, Plaintiff never alleges that title

14  to the money Leprino allegedly owes ever passed from Leprino to Plaintiff or the putative

15  class.  Thus, Plaintiff has not sufficiently alleged facts showing that he or the putative class has

16  title or ever had possession of the allegedly unpaid wages.

17          Additionally, although "it is not necessary that each coin or bill be earmarked," the FAC

18  fails to identify any specific sum as required. *Fischer, supra,* 50 Cal.App.4th at 1072.  Instead,

19  Plaintiff alleges that the amount of the allegedly converted wages "is capable of being ascertained

20  using Defendants' own records and other data." (FAC, ¶ 98.)  But Plaintiff also alleges that

21  Leprino's time keeping data is unreliable.  (*Id*. at ¶ 8.)  Accepting Plaintiff's allegations as true for

22  purposes of this motion, Leprino's employee time data does not accurately reflect the time Plaintiff

23  or the putative class members worked, and thus cannot provide a basis from which to calculate a

24  specific sum of wages Leprino allegedly converted.  Thus, the FAC fails to specify a sum capable

25  of identification.

26          This Court should dismiss Plaintiff's conversion claim because the FAC fails sufficiently

27  to allege title or possession of the allegedly unpaid wages, and Plaintiff has not identified with

28  specificity the sum allegedly converted.

13603703.3

1    2.    Alternatively, The Statutes Upon Which Plaintiff Bases His Conversion Claim
2          Provide The Exclusive Remedies

3    Even if Plaintiff had stated a claim of conversion, the law is well settled that a plaintiff

4    cannot bring a conversion claim based on statutory wage and hour violations. *Santiago, supra,*

5    2011 WL 1303395, at *5 ("cases consistently hold[] that a plaintiff cannot bring a conversion

6    claim based solely on statutory wage and hour violations").  All of Plaintiff's claims, save his

7    conversion claim, are based on either the California Labor Code or California Business and

8    Professions Code section 17200, *et seq*.  However, "where a statute creates new rights and

9    obligations not previously existing at common law, the express statutory remedy is deemed to be

10   the exclusive remedy available for statutory violations, unless it is inadequate." *Brewer v. Premier*

11   *Golf Properties*, 168 Cal.App.4th 1243 (2008) (internal quotation and alteration omitted);

12   *Santiago v. Amdocs, Inc.*, No. C 10-4317 SI, 2011 WL 1303395, at *3-4 (N.D.Cal.2011) (refusing

13   to permit conversion claim based on statutory wage and hour violations).  Thus, also for this

14   alternative reason, Plaintiff's conversion claim should be dismissed.

15                      **VI.    CONCLUSION**

16   Based on the foregoing, Defendants respectfully request that the Court GRANT

17   Defendants' Motion for Judgment on the Pleadings as to Plaintiff's First, Second, Third, and

18   Eighth Causes of Action.

19   DATED:  July 17, 2017                    HANSON BRIDGETT LLP

20

21                                    By:      /s/ Kyle A. Mabe
22                                          SANDRA L. RAPPAPORT
                                            LISA M. POOLEY
23                                          KYLE A. MABE
                                            DANIEL R. LENTZ
24                                          Attorneys for Defendants
                                            LEPRINO FOODS COMPANY and LEPRINO
25                                          FOODS DAIRY PRODUCTS COMPANY

26

27

28

13603703.3