1

2

3

4              **UNITED STATES DISTRICT COURT**

5              **EASTERN DISTRICT OF CALIFORNIA**

6

7   **JOHN PEREZ, on behalf of himself and on**
    **behalf of all other similarly situated**
8   **individuals,**                              **CASE NO. 1:17-cv-00686-AWI-BAM**

9                **Plaintiff,**

10          **v.**                                **ORDER ON PLAINTIFF'S PROPOSED**
                                                   **CLASS NOTICE AND DISTRIBUTION**
11  **LEPRINO FOODS COMPANY, a**                   **PLAN**
    **Colorado Corporation; LEPRINO FOODS**
12  **DAIRY PRODUCTS COMPANY, a**
    **Colorado Corporation; and DOES 1–50,**      (Doc. No. 76)
13  **inclusive,**

14               **Defendants.**

15

16          In this class action lawsuit, John Perez is suing two cheese manufacturing companies,

17  Leprino Foods Company and Leprino Foods Dairy Products Company.[1]  Before the Court is

18  Perez's proposed class notice and distribution plan, as well as Leprino's several objections to that

19  proposal.  For the reasons that follow, the Court will direct the parties to submit an amended class

20  notice and distribution plan consistent with this order.

21

22                            **BACKGROUND**

23          Perez filed his lawsuit on April 13, 2017.  On January 6, 2021, the Court certified Perez's

24  class claims for failure to pay minimum wages, Cal. Labor Code §§ 510, 558, 1194, 1198, and

25  California Industrial Welfare Commission Wage Order 8-2001 ("Wage Order 8"); failure to pay

26

27  _____
    [1] In their briefing, the parties, including both Defendants (responding as one), make no distinction between the
    Leprino entities.  Rather, the parties treat both Defendants as if they are a single "Leprino" entity.  The Court will
28  adopt that practice in this order.

1   wages for all hours worked, Cal. Labor Code §§ 204, 1194, and Wage Order 8; failure to provide

2   legally compliant meal and rest periods or compensation in lieu thereof, Cal. Labor Code

3   §§ 226.7, 512, and Wage Order 8; failure to pay separation wages, Cal. Labor Code §§ 201–203;

4   failure to furnish accurate wage statements, Cal. Labor Code § 226; and unfair competition law

5   violations, Cal. Bus. & Profs. Code § 17200, et seq.  In the certification order, the Court directed

6   the parties to meet and confer regarding the submission of a joint stipulated class notice and

7   distribution plan.  If an agreement could not be reached, the Court imposed a briefing schedule

8   that would start with Perez's filing of his own proposal.  The parties did not reach an agreement,

9   and instead submitted briefing regarding their disputes.

10

11   **LEGAL STANDARD**

12       For any class certified under Federal Rule of Civil Procedure 23(b)(3), "the court must

13   direct to class members the best notice that is practicable under the circumstances, including

14   individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P.

15   23(c)(2)(B).  The rule provides that notice may be made "by one or more of the following:  United

16   States mail, electronic means, or other appropriate means."  Id.  As to its contents, "[t]he notice

17   must clearly and concisely state in plain, easily understood language" the following information:

18
19       (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).
20
21

22   Id.; see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985) (explaining that absent

23   class members must be afforded due process through notice that is "reasonably calculated, under

24   all the circumstances, to apprise interested parties of the pendency of the action and afford them an

25   opportunity to present their objections" (quoted source omitted)).

26

27   **DISCUSSION**

28       Both parties have submitted proposed class notices with their respective filings.  Doc. Nos.

76 at 10–18 & 77 at 7–14.  Although the proposals are very similar—and largely in compliance with the standards of Rule 23(c)(2)(B)—the parties seek the Court's resolution of four disputed particulars.  Before turning to these matters, the Court takes notice of recent proceedings in Vasquez v. Leprino Foods Co., which is another wage-and-hour class action pending before this Court that has been filed against the same defendants.  In Vasquez, this Court approved an amended class notice and distribution plan that was jointly submitted after the Court resolved certain disputes between the parties.  Vasquez, No. 1:17-cv-00796-AWI-BAM, Doc. No. 207 (E.D. Cal. Mar. 1, 2021).  Although the Vasquez proceedings occurred amidst briefing here, both parties have had an opportunity to represent that those proceedings have caused their concession of previously disputed matters.  The Court will treat these matters as being independently resolved by the parties, and not further address them here.

## A.    Email opt-outs

The parties' first dispute involves the form in which class members can opt out of the class.  Perez asserts that all opting out should be completed by submitting an "exclusion request" form that requires the class member's signature.  Perez proposes that class members will be able to submit an exclusion request form through regular or electronic mail.  Leprino more or less agrees with Perez's position, suggesting only that Perez's proposed class notice should be modified to include an email address for the class action administrator and instructions for returning a signed exclusion request form.  The Court resolved a greater dispute regarding email opt-outs in the Vasquez matter.  The Court will direct the parties here to modify their class notice and exclusion request form in the same manner as was done in that action.  Doing so will incorporate the minor modifications that Leprino suggests.

## B.    Website

The parties' second dispute goes to the online presence for the instant class action.  Perez argues that a single "LeprinoClassActions" website with linked webpages for separate class actions against Leprino (including this action and the Vasquez action) best ensures that class

1   members are not left confused and without a means of redirection to the correct class action

2   website.  Leprino objects to this model, and argues that every class action (including this one)

3   should have a separate website.  Leprino argues that the chances of confusion increase if class

4   members are sent to a website containing information regarding multiple lawsuits.  Leprino adds

5   that Perez's concern about stranded class members is overstated because the class notice will

6   inform the class members of the correct website.

7        Aside from Perez's passing reference to extra costs associated with multiple websites,

8   neither side offers authority or bases for their positions beyond their differing prognostications of

9   resultant confusion.  With that being the case, the Court finds favor in Leprino's maxim that less

10  confusion will result from distinct websites for distinct lawsuits.  As Leprino points out, the class

11  notice will provide class members with the correct website address, thus tying them to the single

12  class action for which they represent the putative class.  Based on the parties' respective proposals,

13  the class notice will also provide class members with ample information and access to resources

14  that can be called upon if any confusion occurs.

15

16  **C.**    **Lawsuit description**

17       The parties' third dispute involves the description of this action and the claims that have

18  been certified.  Perez seeks inclusion of the following language under the class notice subheading

19  "What is this lawsuit about?":

20      This lawsuit is about: (1) whether Leprino's policies and practices effectively
21      required employees to perform pre- and post-shift activities in excess of 14
    minutes; (2) whether Leprino's policies and practices effectively put its hourly,
22      non-exempt employees on-call during breaks and, therefore, failed to provide
    proper meal and rest breaks; and (3) whether Leprino's meal period policies and
23      practices are unlawful with respect to employees who worked "straight 8" shifts.

24      Based upon those claims, the lawsuit also will involve: (1) whether employees
    worked off the clock during on-call meal breaks; (2) whether employees are owed
25      wages for working during on-call breaks; (3) whether employees were paid
    minimum wages; (4) whether employees were paid for all hours worked for time
26      spent in excess of 14 minutes spent on pre- and post-shift work; (5) whether
    employees received accurate, itemized wage statements; (6) whether employees
27      who worked a "straight 8" shift or an on-duty meal period are entitled to meal
    break premiums; (7) whether employees were paid all wages due at separation; and
28      (8) whether Leprino engaged in unfair competition.

In opposition, Leprino proposes that the following description should be used under the same subheading:

> This lawsuit is about: (1) whether Leprino's policies and practices effectively required employees to perform pre- and post-shift activities in excess of 14 minutes; (2) whether Leprino's policies and practices effectively put its hourly, non-exempt employees on-call during breaks and, therefore, failed to provide proper meal and rest breaks; and (3) whether Leprino's meal period policy is unlawful with respect to employees who worked "straight 8" shifts.
>
> Based upon those claims, the lawsuit also will involve: (1) whether employees were paid minimum wages; (2) whether employees were paid for all hours worked; (3) whether employees received accurate, itemized wage statements; (4) whether employees were paid all wages due at separation; and (5) whether Leprino engaged in unfair competition.

Leprino faults Perez's proposal for tracking the format of the <u>Vasquez</u> class notice and including information that is found elsewhere in the class notice.  The Court is not persuaded by these responses.  Although Perez's proposal makes the class notice slightly redundant, any cost of this redundancy is greatly outweighed by the benefit derived from additional clarity offered to the recipient class members.  Moreover, as to that clarity, Perez's proposal includes the information contained in the certification order for this case, and its use of the same format as the class notice that this Court approved in <u>Vasquez</u> is hardly to its detriment.  In sum, the Court will direct the parties to use Perez's proposed language.

### D.    Distribution plan

As to the parties' fourth dispute, Leprino contends that Perez failed to propose a class action administrator, a cost estimate, and other details of a plan to distribute the class notice, as directed by the Court in its certification order.  In his reply, Perez proposes that the parties use the same distribution plan that was jointly submitted and approved by the Court in <u>Vasquez</u>.  Perez attaches the <u>Vasquez</u> parties' joint submission and the Court's order approving that joint submission to his reply.  While this proposal is certainly familiar to Leprino and its counsel, the Court will grant Leprino's request for an opportunity to review and (potentially) respond to the proposal given that it was first produced by Perez in his reply.

**E.      Amended class notice and distribution plan**

At this stage, the Court will reserve its approval of the parties' class notice and distribution plan.  The parties' separate proposals generally track appropriate examples produced by the Federal Judicial Center.  But the Court's involvement proved necessary to resolve disputed particulars that the parties' independent conferences could not settle.  Now that the Court has resolved these disputes—which largely did not implicate the substantive requirements of Rule 23(c)(2)(B)—this case can move forward once the parties submit an amended proposal that is consistent with this order.  Given the state of the parties' separate proposals, the Court does not anticipate that additional judicial involvement and expenditure of judicial resources will be required.  If it is called upon, however, the Court now makes clear that it will not consider objections that could have been raised and resolved here.

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1.      The Court RESERVES its approval of the parties' class notice and distribution plan; and

2.      The parties shall FILE an amended class notice and distribution plan for the Court's approval within fourteen days of service of this order.  If the parties are unable to file a joint proposal, then they shall simultaneously file independent briefing on the matter by that same date.  In the latter situation, the parties shall also simultaneously file responses within seven days after initial briefs are filed and replies within five days after responses are filed.

IT IS SO ORDERED.

Dated:   March 10, 2021

_____
SENIOR  DISTRICT  JUDGE

6